# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JAIME RAUL SANCHEZ,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>ALLIED UNIVERSAL SECURITY SERVICES,<br><br>　　　　　　Defendant. | Case No. 2:19-cv-00088-JAD-CWH<br><br>**SCREENING ORDER AND REPORT AND RECOMMENDATION** |

Presently before the court is pro se plaintiff Jaime Raul Sanchez's application for leave to proceed *in forma pauperis* (ECF No. 1), filed on January 15, 2019.

## I.  *IN FORMA PAUPERIS* APPLICATION

Plaintiff has submitted the declaration required by 28 U.S.C. § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, plaintiff's request to proceed *in forma pauperis* will be granted.

## II.  SCREENING COMPLAINT

### A. Screening Standard

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, file to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints

and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

"Federal district courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1027 (9th Cir. 2011) (quotation omitted). Federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States." 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts have the jurisdiction to determine their own jurisdiction. *Special Investments, Inc. v. Aero Air, Inc.*, 360 F.3d 989, 992 (9th Cir. 2004). A court may raise the question of subject-matter jurisdiction sua sponte, and it must dismiss a case if it determines it lacks subject-matter jurisdiction. *Id.*; Fed. R. Civ. P. 12(h)(3).

Here, plaintiff seeks two million dollars in damages from defendant Allied Universal Security Services, based on allegations that defendant's employees defamed plaintiff's character. (Compl. (ECF No. 1-1).) Plaintiff states in his application to proceed *in forma pauperis* that he is

homeless here in Las Vegas.  (Appl. for Leave (ECF No. 1).)  However, plaintiff lists a Florida address in his complaint.  (Compl. (ECF No. 1-1).)  Plaintiff next alleges that the basis for the court's jurisdiction is a federal question, but he then states that the court maintains subject matter jurisdiction over the case as plaintiff is a citizen of Puerto Rico.  (*Id.* at 3.)  Based on plaintiff's three different representations of his citizenship, the court is unable to determine whether plaintiff's complaint invokes the court's jurisdiction.  As the party seeking to invoke the court's jurisdiction, plaintiff bears the burden of establishing that jurisdiction exists.  *See Naffe v. Frey*, 789 F.3d 1030, 1040 (9th Cir. 2015).  The court will therefore recommend that plaintiff's complaint be dismissed for lack of subject-matter jurisdiction with leave to amend.  If plaintiff chooses to amend, he must include factual allegations regarding his citizenship, thereby allowing the court to determine its own jurisdiction.

Finally, plaintiff is advised that if he files an amended complaint, the original complaint (ECF No. 1-1) no longer serves any function in this case.  As such, if plaintiff files an amended complaint, each claim and the involvement of each defendant must be alleged sufficiently.  The court cannot refer to a prior pleading or to other documents to make plaintiff's amended complaint complete.  The amended complaint must be complete in and of itself without reference to prior pleadings or to other documents.

**III.   ORDER AND RECOMMENDATION**

IT IS THEREFORE ORDERED that plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is granted.

IT IS FURTHER ORDERED that the clerk of court must detach and file plaintiff's complaint (ECF No. 1-1).

IT IS THEREFORE RECOMMENDED that plaintiff's complaint be dismissed without prejudice.

IT IS THEREFORE RECOMMENDED that plaintiff be given a deadline to amend his complaint.

//

//

## IV. NOTICE

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: January 28, 2019

C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE