# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAIME RAUL SANCHEZ, | Case No. 2:19-cv-00088-JAD-DJA |
| Plaintiff, | |
| v. | **ORDER** |
| ALLIED UNIVERSAL SECURITY SERVICES, ET AL., | |
| Defendants. | |

This matter is before the Court on Plaintiff Jaime Raul Sanchez's Amended Complaint (ECF No. 12), filed on March 21, 2019. The Court dismissed his original complaint without prejudice for lack of subject matter jurisdiction on March 12, 2019 and granted him leave to amend by April 11, 2019. (ECF No. 10). The Court will now screen Plaintiff's timely filed Amended Complaint pursuant to § 1915(e)(2). In so doing, the Court is mindful that allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

Federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915, the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th

Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief. Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*).

For the second time, Plaintiff attempts to bring claims against Allied Universal and RTC on the basis of diversity jurisdiction as he claims to be a Florida citizen. He requests $2 million in damages from Allied and $1 million in damages from the RTC. Further, he alleges that he is seeking to bring his claims under 42 U.S.C. § 1983, but refers to defamation and sexual harassment in his amended complaint. However, there are not sufficient allegations for the Court to find a colorable Section 1983 claim. Moreover, he fails to state any factual allegations to infer that he can allege the elements of a defamation claim. Finally, Plaintiff does not raise Title VII, indicate that he has filed a charge with the EEOC, nor that the alleged Defendants were his employer in order to state a viable sexual harassment claim. Although it is not clear that the deficiencies identified can be cured, the Court will allow Plaintiff an opportunity to file an amended complaint to the extent he believes that he can state a claim.

IT IS THEREFORE ORDERED that Plaintiff's Amended Complaint (ECF No. 12) is dismissed without prejudice, providing Plaintiff with leave to amend. Plaintiff shall have until April 14, 2020 to file a second amended complaint, if the noted deficiencies can be corrected. If Plaintiff chooses to amend the complaint, Plaintiff is informed that the Court cannot refer to a

1  prior pleading (i.e., the amended complaint) in order to make the second amended complaint
2  complete.  This is because, as a general rule, an amended complaint supersedes the original
3  complaint.  Local Rule 15-1(a) requires that an amended complaint be complete in itself without
4  reference to any prior pleading.   Once a plaintiff files a second amended complaint, the original
5  complaint no longer serves any function in the case.  Therefore, in an amended complaint, as in
6  an original complaint, each claim and the involvement of each Defendant must be sufficiently
7  alleged.  Failure to comply with this order will result in the recommendation of dismissal of this
8  case.

DATED: March 25, 2020

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE