UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Jaime Raul Sanchez,<br><br>    Plaintiff<br>v.<br><br>Allied Universal Security Services, et al.,<br><br>    Defendants | Case No. 2:19-cv-00088-JAD-DJA<br><br>**Order Adopting Report and Recommendation and Dismissing Case**<br><br>[ECF No. 15] |

      Plaintiff Jaime Raul Sanchez filed this action against Allied Universal Security Services and the Regional Transportation Corporation seeking two million dollars for defamation of his character. Sanchez's original complaint was dismissed for lack of subject-matter jurisdiction and he was given leave to amend.[1] His amended complaint contained even fewer hints about the nature of his claim and this court's jurisdiction to consider it, so the magistrate judge gave Sanchez one more opportunity to amend his complaint. That order warned Sanchez that if he failed to file a second amended complaint curing the deficiencies by April 14, 2020, the magistrate judge would recommend that this case be dismissed.[2] Sanchez filed nothing, and the magistrate judge now recommends that I dismiss this case.[3] The deadline for objections to that recommendation passed without objection or any request to extend the deadline to file one.

---

[1] ECF Nos. 9, 10.
[2] ECF No. 14 at 3.
[3] ECF No. 15.

"[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."[4]

A court may dismiss an action based on a party's failure to prosecute her case or obey a court order.[5] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[6]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[7] A court's warning to a party that its failure to obey the court's order will result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement,[8] and

---

[4] *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[5] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[6] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[7] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

[8] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.

that warning was given here.[9] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

Accordingly, IT IS HEREBY ORDERED that the magistrate judge's report and recommendation **[ECF No. 15] is ADOPTED** in full;

IT IS FURTHER ORDERED THAT **this case is dismissed**. The Clerk of Court is directed to ENTER JUDGMENT ACCORDINGLY and CLOSE THIS CASE.

Dated: May 5, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[9] ECF No. 14 at 3.